UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION

Case No. 2:13-md-2433

CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

This document relates to:

*Larry Ogle Moody v. E. I. DuPont de Nemours and Company*,
Case No. 2:15-cv-803

## CASE MANAGEMENT ORDER NO. 19

### Pretrial Schedule for Moody Trial

Larry Ogle Moody's case is the fourth to be tried in this multidistrict litigation ("MDL").

I. **TRIAL AND FINAL PRETRIAL CONFERENCES**

   A. **Trial**

   1. Mr. Moody's case is scheduled for trial on **Tuesday, January 17, 2017**, at 9:00 a.m. in Courtroom 2.

   2. Trial counsel shall meet in the chambers of Chief Judge Sargus at 8:30 a.m. on each day of the trial.

   B. **Final Pretrial Conferences**

   1. The first final pretrial conference shall be held on **Wednesday, January 4, 2017**, at 9:00 a.m. in the chambers of Chief Judge Sargus.

      a. The Court will rule on the motions *in limine*.

      b. All trial counsel must appear.

   2. The second final pretrial conference shall be held on **Monday, January 9 and Tuesday, January 10, 2017**, at 9 a.m. in the chambers of Chief Judge Sargus.

      a. The Court will resolve the objections to the deposition designations and objections to the exhibits.

      b.      All trial counsel must appear.

      c.      Attached to this CMO is the Court's Final Pretrial Order ("CMO 12-A"). The parties shall jointly submit CMO 12-A on or before Thursday, **January 12, 2017**.

## II. EXPERT WITNESSES

### A. Expert Designations

1. On or before **September 12, 2016**, Plaintiff shall designate, pursuant to Fed. R. Civ. P. 26, his expert witnesses.

2. On or before **September 22, 2016**, Defendant shall designate, pursuant to Fed. R. Civ. P. 26, its expert witnesses.

3. On or before **September 29, 2016**, Plaintiff shall designate its rebuttal expert witnesses, if any.

### B. Expert Discovery

1. Depositions of expert witnesses shall be completed by **October 10, 2016**. The parties have indicated that it is their intention that the depositions of Plaintiff's expert witnesses be taken before Defendant's expert witnesses addressing the same subject matter. Nothing in this Order requires that all of Plaintiff's expert depositions must be completed before any Defendant expert depositions are undertaken.

2. If any of Plaintiff's treating or diagnosing doctors who are deposed during the bellwether discovery period are later designated as testifying experts, then the designating party will be required to make timely expert disclosures for such witness and the other party may take that doctor's deposition as an expert witness.

3. The limitations on expert discovery set-forth in Fed. R. Civ. P. 26, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply.

## III. SUMMARY JUDGMENT AND *DAUBERT* MOTIONS

### A. Court's Previous Decisions

The parties shall indicate in any summary judgment or *Daubert* motion whether the Court ruled on the issue previously, whether they are moving to preserve, or whether they are

asking for reconsideration because of new or different circumstances or other good cause.

### B. Deadlines

1. Plaintiff and Defendant shall file any motions for summary judgment, partial summary judgment, and/or *Daubert* motions on or before **October 24, 2016**.

2. The parties shall file any response to these motions by **October 31, 2016**.

3. Reply briefs, if any, shall be filed on or before **November 7, 2016**.

## IV. WITNESS LISTS

### A. Deadlines

1. Plaintiff shall serve his witness list by **October 17, 2016**.

2. Defendant shall serve its witness list by **October 27, 2016**.

### B. Procedures

1. Witnesses not included on a party's witness list shall not be called at trial absent agreement by the parties or a showing of good cause as to why the witness was not included on the witness list. The parties will use good faith efforts to list persons whom they actually intend to call at trial (live or by deposition) based upon on a good faith best current intentions "will call" list, and persons whom they currently believe are unlikely to be called but may be called on a "may call" list. The parties shall also use good faith efforts to state whether each proposed witness will be called live, or by deposition.

2. If either party discloses a fact witness who has not previously been deposed in this MDL, *Leach, Tennant, Rowe/Scott, Rhodes,* or *Little Hocking* litigation, the opposing party shall be permitted to depose that witness. Any deposition conducted pursuant to this provision must be completed within an agreed upon time period within the framework of the existing deadlines and trial schedule.

3. The ability to call rebuttal or sur-rebuttal witnesses will be governed by the Federal Rules. Nothing in this section shall prohibit Plaintiff from calling any witness during rebuttal or Defendant from calling any witness during sur-rebuttal as may be necessary provided that said witness has been deposed in this MDL, *Leach, Tennant, Rowe/Scott, Rhodes,* or *Little Hocking* litigation.

V.     **DEPOSITION DESIGNATIONS**

    A.     **Deadlines**

         1.     Plaintiff shall serve page/line designations of deposition testimony by **September 30, 2016**.

         2.     Defendant shall serve (a) page/line counter-designations of deposition testimony; (b) objections to Plaintiff's page/line deposition designations; and (c) affirmative page/line designations of deposition testimony **October 11, 2016**.

         3.     Plaintiff shall serve (a) page/line counter-designations of deposition testimony; (b) objections to Defendant's page/line deposition counter-designations; and (c) objections to defendant's affirmative page/line designations by **October 25, 2016**.

         4.     Defendant shall serve objections to Plaintiff's page/line counter designations by **November 8, 2016**.

         5.     All page/line designations, counter-designations, and objections shall be exchanged by the parties in an Excel format to be agreed on by the parties.

    B.     **Due to Court**

All unresolved objections must be submitted to the Court by **January 6, 2017**, at 9:00 a.m..

VI.     **EXHIBIT LISTS**

    A.     **Deadlines**

         1.     Plaintiff shall serve an exhibit in a format to be agreed by the parties, which shall include all document production numbers (*i.e.*, all known bates numbers, if applicable) and/or a description of the document (if there is no bates number) by **October 18, 2016**. An electronic copy of the exhibits shall also be provided on or before **October 20, 2016**, in a format to be agreed by the parties. Demonstrative exhibits shall be shown to opposing counsel before being displayed to the jury.

         2.     Defendant shall serve its exhibit list in a format to be agreed by the parties, which shall include all document production numbers (*i.e.*, all known bates numbers, if applicable) or a description of the document (if there is no bates number), by **October 25, 2016**. An electronic copy of the exhibits shall also be provided by **October 27, 2016**, in a format to be agreed by the parties. Defendant shall serve any objections to plaintiff's exhibit list by **November 2, 2016**.

4

    3.    Plaintiff may serve any objections to Defendant's exhibit list by **November 9, 2016**, at 9:00 a.m..

    4.    The parties shall have the right to supplement their exhibit list(s) in light of any and all ongoing discovery.

  **B.**    **Due to Court**

All unresolved objections must be submitted to the Court by **January 6, 2017**, at 9:00 a.m..

## VII. MOTIONS IN LIMINE

  **A.**    **Deadlines**

    1.    Motions *in limine* shall be filed by **December 16, 2016**.

    2.    Responses in opposition to motions *in limine* shall be filed by **December 28, 2016**.

    3.    No reply is permitted without leave of Court, and only then for good cause.

  **B.**    **Procedures**

    1.    The following apply to all *in limine* motions:

        a.    Index to motions *in limine*: If filing more than one *in limine* motion the party shall submit to the Court and to the opposing party an "Index to Motions *in Limine*."

        b.    Attachments to motions *in limine*: If filing an *in limine* motion seeking an evidentiary ruling on a category of documents, testimony, or argument the party shall attach to the *in limine* motion document(s) or testimony on which it seeks a pre-trial ruling. A party responding shall attach any document or testimony that it deems is necessary for the Court to fully consider the evidentiary issue presented.

        c.    Page Limitation: Individual *in limine* motions and responses shall be limited to 10 double-spaced pages; replies shall be limited to 6 double-spaced pages absent agreement of the parties or leave of Court.

    2.    The parties shall indicate in any *in limine* motion whether the Court ruled on the issue previously, whether they are moving to preserve, or whether they are asking for reconsideration because of new or different circumstances or other good

cause.

## VIII. VOIR DIRE

The parties shall exchange proposed voir dire questions on **December 19, 2016**. The parties shall submit their proposed voir dire questions to the Court by **January 3, 2017**.

## IX. JURY INSTRUCTIONS

### A. Jury Instructions from the Court

The Court will prepare preliminary and general jury instructions. The parties may obtain an example of the Court's general instructions from Debra Hepler, Chief Judge Sargus' Administrative Assistant. The parties shall concentrate their efforts on the case-specific instructions.

### B. Proposed Jury Instructions from the Parties

The parties shall submit jointly one set of proposed jury instructions which contains the parties agreed upon case-specific instructions, and, in the event the parties cannot agree on an instruction, each party's own individual proposed case-specific instruction. To this end, counsel shall adhere to the following procedures:

1. The parties shall serve their proposed jury instructions on each other on or before **January 9, 2017**.

2. Counsel then shall meet, confer and agree on proposed case-specific jury instructions.

3. If, after concerted good faith effort, the parties are unable to agree upon a particular case-specific instruction, each party shall propose its own version. Plaintiff's version shall be presented first, immediately followed by Defendant's version of the jury instruction, complete with pinpoint citations to binding authority. Each version, Plaintiff's and Defendant's, shall appear together on one page for ready comparison. Versions of longer instructions (over one page) shall appear one after another. A party may indicate its general objection to the giving of the proposed instruction.

4. Proposed case-specific jury instructions shall be submitted to the Court on or

6

before **January 12, 2017**.

All instructions shall be concise, understandable and neutral. Further, counsel shall at a minimum agree on a common index and the proposed instructions from all parties shall correspond to the index.

For jury instructions concerning federal law, the Court prefers that the parties use the latest edition of Hon. Edward J. Devitt, Hon. Charles B. Blackmar, Michael A. Wolff, and Kevin F. O'Malley, Federal Jury Practice and Instructions (West). For instructions on Ohio law, the Court prefers that the parties use the latest edition of Ohio Jury Instructions (Anderson). For instructions on West Virginia law, the Court prefers the latest version of the instructions published by Mathew Bender & Company. The Court, however, welcomes any effort by counsel to make the instructions from these sources more direct, understandable, and concise.

X.   **MODIFICATION**

The parties may by agreement modify the dates within this CMO that affect only the parties. All deadlines established for submissions to the Court may only be modified for good cause and with the permission of the Court.

XI.  **ADDITIONAL GUIDELINES**

The parties have agreed that, given the nature of this trial, including the extraordinary amount of documents and preparation, disclosure of live witnesses to be called to testify, and expected order, shall be made 48 hours in advance of the witness testifying. Any new witness for a Monday shall be disclosed on Friday before 9:00 p.m. (Eastern Standard Time). Parties shall use good faith efforts to notify opposing counsel of witnesses to be presented by deposition designations 24 hours in advance of their use at trial, but the intent of this is not to

preclude a party from utilizing a deposition designation if time allows for such use during the natural progression of the trial.

**IT IS SO ORDERED.**

7-19-2016
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

,

    Plaintiff,

-V-

    Case No.
    **CHIEF JUDGE EDMUND A. SARGUS, JR.**
    Magistrate Judge

,

    Defendant.

## FINAL PRETRIAL ORDER (REQUIRED FORM)

The Court held a final pretrial conference in this case on _____ at \_\_\_\_ a.m., pursuant to Fed. R. Civ. P. 16.

**I. APPEARANCES:**

    For Plaintiff:

    For Defendant:

**II. NATURE OF ACTION**

    A.    This is an action for

    B.    The jurisdiction of the Court is invoked under Title \_\_\_\_, United States Code, Section \_\_\_\_\_.

    C.    The jurisdiction of the Court (is) (is not) disputed.

**III. TRIAL LENGTH:**    The estimated length of trial is \_\_\_\_ days.

## IV. AGREED STATEMENTS AND LISTS:

### A. General Nature of the Claims of the Parties

1.  Plaintiffs' Claims: (set out brief summary without detail; an itemized statement of special damages should be included.)

2.  Defendants' Claims: (set out brief summary without detail.)

### B. Uncontroverted Facts

Suggested language: The following facts are established by admissions in the pleadings or by stipulations of counsel. (set out uncontroverted or uncontested facts in chronological order.)

### C. Contested Issues of Fact and Law

1.  Contested Issues of Fact.
Suggested language: The contested issues of fact remaining for decision are . . . (set out a brief statement of the remaining contested issues of fact.)

2.  Contested Issues of Law.
Suggested language: The contested issues of law in addition to those implicit in the foregoing issues of fact, are . . . (set out a brief statement of the remaining contested issues of law.)

OR  There are no special issues of law reserved other than those implicit in the foregoing issues of fact.

### D. Witnesses

1.  Suggested language: In the absence of reasonable notice to opposing counsel to the contrary, plaintiff will call, or will have available at the trial:

OR  Plaintiff may call:  (provide a brief synopsis of each witness' testimony.)

2.  Suggested language: In the absence of reasonable notice to opposing counsel to the contrary, defendant will call, or will have available at the trial:

OR  Defendant may call:  (provide a brief synopsis of each witness' testimony.)

3.  Suggested language: In the absence of reasonable notice to opposing counsel to the contrary, _____ will call:

OR  _____ may call:  (provide a brief synopsis of each witness' testimony; use for third parties).

4.      In the event other witnesses are to be called at the trial, a statement of their names and addresses and the general subject matter of their testimony will be served upon opposing counsel and filed with the Court at least five (5) days prior to trial.

5.      There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice to the other party. Questions frequently arise as to whether a witness will offer rebuttal testimony or is more appropriately designated as part of the case-in-chief. If questions arise as to the nature of a witness' testimony, the Court will err on the side of required disclosure five (5) days prior to trial of rebuttal witnesses. If no disclosure is made, the Court shall not permit such witness to testify.

Note: *Only witnesses listed in the Final Pretrial Order will be permitted to testify at the trial, except witnesses called solely for the purpose of impeachment or for good cause shown.*

### E. Expert Witnesses

Suggested language: Parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed to the other side.

1.      Plaintiff: List all expert witnesses plaintiff intends to call at trial.

2.      Defendant: List all expert witnesses defendant intends to call at trial.

Counsel have attached a resume or curriculum vitae of each expert's qualifications as a part of Exhibit A herein.

### F. Depositions

During trial, reading of depositions frequently presents problems that can be eliminated by advance discussion and preparation. The pretrial order shall list depositions to be read into evidence and any objections thereto identifying the objecting party, portions objected to, and the basis for the objections. All irrelevant and redundant matter and all colloquy between counsel in the deposition must be eliminated when the deposition is read. See also the requirements of Fed. R. Civ. P. 26(a)(3)(B).

Suggested language: Testimony of the following witnesses will be offered by deposition/videotape. (List all witnesses whose testimony will be offered by deposition or videotape. If none, so state.)

### G. Exhibits

Needless Court time is taken up in the marking of exhibits during trial. Accordingly, the exhibit list should be prepared prior to trial and set forth in the pretrial order.

Exhibits that are to be admitted without objection should be listed first, then followed by a listing of exhibits to which there may be objections, noting by whom the objection is made (if there are multiple adverse parties), the nature of the objection, and the authority supporting the objection.

Exhibit markers should be attached to all exhibits at the time they are shown to opposing counsel during the preparation of the pretrial order. A supply of marking tags for exhibits may be obtained from the courtroom deputy clerk. They should be attached to the lower right-hand corner whenever possible. See also the requirements of Fed. R. Civ. P. 26(a)(3)(C).

Except for good cause shown, the Court will not permit the introduction of any exhibits unless they have been listed in the pretrial order, with the exception of exhibits to be used solely for the purpose of impeachment.

Exhibit lists should be attached as appendices to the pretrial order as follows:

    Appendix B   Joint Exhibits
    Appendix C   Plaintiff Exhibits
    Appendix D   Defendant Exhibits
    Appendix E   Third-Party Exhibits

### H. Stipulations

Counsel have fully complied with the **Stipulations** section of the Court's Order Setting Trial Date and Settlement Conference.

### I. Completion of Discovery

Except for good cause, all discovery shall be completed before the Final Pretrial Order is signed by the Court. If discovery has not been completed, the proposed pretrial order shall state what discovery is yet to be done by each side, when it is scheduled, when it will be completed, and whether any problems (e.g., objections or motions) are likely with respect to the uncompleted discovery.

Suggested language:

*     Discovery has been completed.
*     Discovery is to be completed by _____, 20__.
*     Further discovery is limited to _____.
*     The following provisions were made for discovery:
        *Specify all such provisions.*

## V. MODIFICATION

The Final Pretrial Order may be modified at or prior to the trial of this action to

prevent manifest injustice. Such modification may be made by application of counsel or on motion of the Court.

## VI. JURY INSTRUCTIONS

Counsel have complied with the **Jury Instructions** section of the Court's Order Setting Trial Date and Settlement Conference.

## VII. REMAINING ISSUES AND OTHER MATTERS

The following legal issues must be resolved before the beginning of trial:

Counsel bring the following additional matters to the Court's attention:

_____
EDMUND A. SARGUS, JR.
United States District Judge

_____
Counsel for Plaintiff

_____
Counsel for Defendant

5