**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: E.I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION | : : : : | CASE NO. 2:13-MD-2433 |
| **This document relates to:** | : : | JUDGE EDMUND A. SARGUS, JR. |
| *Moody v. E. I. du Pont de Nemours and Company*, **Case No. 2:15-CV-803** | : : : | MAGISTRATE JUDGE ELIZABETH P. DEAVERS |

**DUPONT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
ON TRIAL PLAINTIFF LARRY MOODY'S CLAIMS**

Pursuant to Fed. R. Civ. P. 50(a), Defendant E. I. du Pont de Nemours and Company ("DuPont") hereby moves for judgment as a matter of law on Plaintiff Larry Moody's claims. Plaintiff has failed to present sufficient evidence to satisfy the requirements of Ohio law for a claim of negligence or for an award of punitive damages.

This Court has previously denied motions under Rule 50(a) in the *Bartlett*, *Freeman*, and *Vigneron* trials, and Plaintiff's evidence from his experts in this case related to negligence and punitive damages is similar to the evidence in those cases, though the individual facts related to each plaintiff, his exposure, and timing obviously differ significantly. To avoid repetitive briefing, DuPont hereby incorporates the arguments from its prior motions for judgment as a matter of law in *Bartlett* [*Bartlett* ECF No. 151], *Freeman* [*Freeman* ECF No. 143], and *Vigneron* [*Vigneron* ECF No. 137] regarding punitive damages, negligence and specific causation. The evidence that Plaintiff has presented in this case has the same fatal flaws as in the prior cases, as well as a few additional flaws based on its individual facts, which support judgment as a matter of law in DuPont's favor. DuPont appreciates that the Court has rejected

similar arguments before, and therefore presents an abbreviated version of this motion that identifies the grounds on which it is moving and highlights some of the factual distinctions between this case and the prior cases. DuPont respectfully requests that the Court grant its motion for Rule 50(a) relief in light of the evidence highlighted below:

     **1. Punitive damages**. Plaintiff failed to provide clear and convincing evidence of actual malice, meaning a great probability of causing substantial harm. Similar to the testimony in the prior cases, the testimony of Dr. Redlich, Dr. Siegel, and Mr. Petty all boils down to DuPont's failure to follow the "precautionary principal" that requires a company to avoid any *possibility* of harm, a duty of care not recognized under Ohio law. Jan 23., 2017 Trial Tr. at 20:6-22; Jan. 24, 2017 Trial Tr. at 74:6-75:5; Jan. 31, 2017 Trial Tr. at 102:2-24. There was no testimony that DuPont knew of a *great probability* of harm before Mr. Moody's cancer.

     Critically to the facts of this individual case, Dr. Siegel explicitly agreed that *DuPont's CEG guideline level of one part per billion was reasonable at the time it was made*. *See, e.g.,* Jan. 25, 2017 Trial Tr. at 261:8-11 ("And, I mean, just to make it very clear -- I want to make it very clear that I'm not faulting DuPont for setting a safe level, for setting the one-part-per-billion level. I'm not faulting them for using a margin-of-safety approach."). Yet the water in Mr. Moody's water district, Belpre, *did not reach above DuPont's Community Exposure Guideline level of one part per billion*. Feb. 2, 2017 Trial Tr. at 29:17-30:5. DuPont therefore had no reason to believe that people in Belpre were exposed to problematic amounts of C8. Mr. Moody does not have clear and convincing evidence that DuPont acted with actual malice because his exposure to C8 did not exceed what DuPont reasonably believed to be a safe drinking level.

     **2. Negligence**. Plaintiff improperly argued that DuPont had a duty to tell individual members of the public about C8 in the water even if it was not a likely cause of harm—and even

if the chance for harm was entirely unknown.  As explained above, Dr. Siegel opined that DuPont's CEG of 1 part per billion was reasonable.  Because the water in Mr. Moody's water district never exceeded that amount, Plaintiff cannot prove that DuPont knew or should have known that harm to people in Mr. Moody's water district of Belpre was likely—which is necessary to establish a duty under Ohio law.  *Menifree v. Ohio Welding Prods., Inc.*, 15 Ohio St. 3d 75, 77 (1984).  Rather than meet Ohio's legal standard for duty, Plaintiff's experts instead opined that DuPont had a duty to tell individual members of the public about the C8 in the water even if DuPont believed it not likely to cause harm, and even if there was an unknown chance of harm. Jan 23, 2017 Trial Tr. at 20:10-13 (action is required "if there is uncertainty as far as what the adverse health effects are"); Jan. 24, 2017 Trial Tr. at 75:3-5 (testifying about duty to take action if there is "reasonable evidence" of a "risk to the public").  DuPont respectfully submits that the Court also erred by telling the jury that the precautionary principle is "one of those factors" that determines negligence.  Jan. 23, 2017 Trial Tr. at 19:22-20:3.  Plaintiff's experts substituted the concept of a duty created by "likely" harm, which is Ohio law, with a duty created by the "possibility" of any harm.

Even if Plaintiff proved there was a duty, he also failed to prove that DuPont did not act like a reasonable corporation.  As explained in DuPont's prior motions, Plaintiff's experts testified about the ethical "precautionary principle" rather than about chemical industry standards for C8, *i.e.*, the actual practices of chemical companies regarding C8.  *In re Welding Fume Prods. Liab. Litig.*, 2010 U.S. Dist. LEXIS 146067, at *146 (N.D. Ohio June 4, 2010) ("It is only the defendants' conduct itself that is relevant and admissible, not whether that conduct measures up to any moral or social standard held by an expert.").

**3. Specific causation**. As DuPont has argued previously, Dr. Bahnson failed to quantify the increased risk of testicular cancer that was faced by Mr. Moody—and failed to give a logical reason for excluding the possibility of an unknown cause. As this Court knows, many peer-reviewed studies have stated that the risk from moderate C8 exposure is very small. *Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)* (May 2016) at 56, *at*: www.epa.gov/sites/production/files/2016-05/documents/pfoa_health_advisory_final-plain.pdf (the lifetime increased risk to an average-sized human that drinks 0.5 parts per billion is a "one-in-1-million chance"); *see* Jan. 30, 2017 Trial Tr. at 8:8-22 (proffer on the issue).

Yet Dr. Bahnson did not consider any of the government advisories or peer-reviewed studies regarding the actual statistical risk to an individual from C8—nor did he actually calculate the statistical increase in risk to Mr. Moody from exposure to C8. Dr. Bahnson therefore had no ability to weigh the likelihood of C8 being the cause-in-fact of Mr. Moody's testicular cancer against the likelihood of any other cause. Nor did Dr. Bahnson have any ability to consider the effect of Mr. Moody's individual dose of C8 on the likelihood of C8 being the cause-in-fact verses any other potential cause. As discussed in DuPont's prior motions, Dr. Bahnson's testimony is inadmissible under *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 670-71 (6th Cir. 2010).

In addition, Dr. Bahnson was unable to give any logical reason for why he believed that Mr. Moody's testicular cancer was not caused by an unknown cause—stating on direct testimony that he excluded the unknown case only because he already had a known case. *See Tamraz*, 620 F.3d at 675 (idiopathic causation is "impossible to ignore and difficult to rule out"). Dr. Bahnson gave conclusory reasons for excluding other established risk factors as well. Because Dr. Bahnson's conclusory opinions will not supply a reasonable jury with legally sufficient

evidence to find that it is more likely than not that Plaintiff's testicular cancer was directly and proximately caused by exposure to C-8, they should be rejected, and judgment should be entered for DuPont on Plaintiff's negligence claim.

The Court should accordingly enter judgment as a matter of law in DuPont's favor.

Respectfully submitted,

*/s/* D. Patrick Long
D. Patrick Long (Trial Attorney) (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Ave, Suite 1700
Dallas, TX 75201
(214) 758-1500 (Phone)
(214) 758-1550 (Fax)

Damond R. Mace (0017102)
Stephen M. Fazio (0076873)
Stephanie E. Niehaus (0075511)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)

C. Craig Woods (0010732)
Aaron T. Brogdon (0081858)
John R. Gall (0011813)
Aneca E. Lasley (0072366)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)

Attorneys for Defendant E. I. du Pont de Nemours and Company

## **CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served on February 7, 2017, upon counsel of record, via this Court's electronic filing system.


                                            */s/ D. Patrick Long*
                                            D. Patrick Long